UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TODD GEORGE, | |
| Petitioner, | |
| v. | CAUSE NO. 3:22-CV-547-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Todd George, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-21-3-313) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a weapon in violation of Indiana Department of Correction Offense 106. Following a hearing, he was sanctioned with a loss of one year of earned credit time and a two-step demotion in credit class.

George argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to find that he possessed a weapon. He contends the conduct report vaguely refers to a "common area" as the location where the weapon was found without any further definition of that term within the conduct report or departmental policy.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.

> Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

> Departmental policy defines possession as:
>
> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control.

ECF 9-11 at 6.

The administrative record includes a conduct report in which a correctional officer represented, "While searching cell P245/246, one silver colored piece of sharpened metal with a cloth and a white colored piece of sharpened metal was found in a common area and unclaimed by either offender." ECF 9-1. The context of the conduct report thus indicates that "common area" refers to some area within George's cell and thus indicates that the contraband was in George's "possession" as defined by departmental policy. The administrative record also includes a photograph of the weapons. ECF 9-3. The conduct report and the photograph constitute some evidence that George committed the offense of possessing a weapon. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

George argues that he is entitled to habeas relief because he is illiterate and that the disciplinary procedures should have been explained to him as required by departmental policy. He maintains that, if he had received such an explanation, he would have requested a continuance to obtain a statement from his cellmate taking responsibility for the presence of weapons in this cell. Procedural due process does not require correctional staff to explain the disciplinary procedures to inmates. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Moreover, the mere failure to follow departmental policy does not rise to the level of a constitutional violation. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process").

The court further observes that departmental policy requires only that correctional staff afford the "opportunity to have [disciplinary] procedures explained" to an illiterate inmate. ECF 9-11 at 1. The administrative record reflects that George had at least two such opportunities. First, George signed the screening report, which listed his procedural rights, and did so immediately below a line indicating that he had been advised of the listed procedural rights. ECF 9-4. While George may have been unable to read the screening report and may not have understood the import of his signature, he had the opportunity at that time to inquire as to what he was signing. Further, George requested and was assigned a lay advocate to assist with the preparation of his defense. ECF 9-4; ECF 9-5. Moreover, it seems unlikely that the cellmate would have accepted responsibility for the presence of weapons at George's hearing given the plea of not

3

guilty and the testimony provided by the cellmate at his own hearing. ECF 10. Nor is it clear why George did not convey any information regarding his cellmate to the hearing officer when presented with the opportunity to make a statement at the hearing. ECF 9-6. Therefore, this argument is not a basis for habeas relief.

If George wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Todd George leave to appeal in forma pauperis.

SO ORDERED on February 27, 2023

                                                              s/ Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge